IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA JACKSON,

    Plaintiff,

    v.

THE KROGER CO.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-2328-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 3]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 3] is GRANTED.

### I. Background[1]

This case arises from allegations that the Plaintiff Patricia Jackson sustained injuries on May 2, 2021, while shopping at her local grocery store, owned by the Defendant Kroger Company. (Compl. ¶¶ 4–5). Jackson filed suit against Kroger in Gwinnett County State Court on April 24, 2023, claiming negligence and seeking attorneys' fees. Then, on May 23, 2023, Kroger filed its answer by special appearance in State Court and moved to dismiss Jackson's claims for insufficient service of process. Kroger timely removed the case to

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

this Court the following day on May 24, 2023. Jackson ultimately served the summons from State Court upon Kroger's registered agent on May 31, 2023, and the summons from this Court upon Kroger's registered agent on July 10, 2023. Kroger now moves to dismiss Jackson's claims for failure to perfect service of process.

## II.  Legal Standard

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[T]he standards of proof governing motions to dismiss for lack of personal jurisdiction" also apply to motions to dismiss for insufficient service of process. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (quotation marks and citation omitted). Thus, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Where the defendant contests the allegations of the complaint through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

### III.  Discussion

In support of its Motion to Dismiss, Kroger sets forth that if "a complaint is filed near the statute of limitation[,] and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." *Griffin v. Trinidad*, 357 Ga. App. 492, 495 (2020) (alteration in original) (citation omitted); (Br. in Supp. of Def.'s Mot. to Dismiss, at 2). Under O.C.G.A. § 9-3-33, the statute of limitations on the Plaintiff's claim expired on May 2, 2023.

Rather than responding to Kroger's reliance on *Griffin* and explaining how she exercised diligence in perfecting service of process, the Plaintiff improperly contends that Federal Rule of Civil Procedure 4 governs her case. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 3–4). She cites *Effs v. City of Miami*, 2021 WL 6116643, at *4 (11th Cir. Dec. 27, 2021), in support of her position that "once a case is removed to federal court, federal law governs matters of procedure related to personal jurisdiction and service of process." But as Kroger correctly clarifies, "Georgia law concerning the timeliness of service of process, not federal law, shall be applied in determining whether a plaintiff has complied with the relevant statute of limitations." *Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260, 1263 (N.D. Ga. 2004); (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 1).

Under Georgia law, "if the statute of limitation has run, a plaintiff must exercise the greatest possible diligence to ensure proper and timely service from the time a defendant raises an issue with service in court. Until then, the plaintiff must exercise reasonable diligence to serve the defendant." *Van Omen v. Lopresti*, 357 Ga. App. 9, 9 (2020). "When service is made outside the limitation period, the plaintiff has the burden of showing that due diligence was exercised." *Id.* at 11 (citation omitted).

The Court concludes that the Plaintiff has failed to carry her burden to show that she exercised reasonable diligence in perfecting service in her case as of May 2 when the statute of limitations on her claim ran, much less the greatest possible diligence as of May 23 when Kroger moved to dismiss for insufficient service. Despite Kroger's reliance on *Griffin* in the brief in support of its motion, the Plaintiff offered no explanation of her diligence in serving process or justification for the delay between the time she filed her Complaint on April 24 and the time she ultimately served a summons upon Kroger's registered agent on May 31. Absent any showing of diligence by the Plaintiff, the Court cannot conclude that she has carried her burden here, and her claims should therefore be dismissed for failure to perfect service.[2]

---

[2] In her response brief, the Plaintiff asks the Court to grant her voluntary motion to dismiss. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 5). But the inclusion of her request within her "opposition to a motion to dismiss [does] not constitute a 'motion' and thus [does] not comply with" Rule

## IV. Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss [Doc. 3] is GRANTED.

SO ORDERED, this   14th   day of September, 2023.

THOMAS W. THRASH, JR.
United States District Judge

---

7(b). *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018).